**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOSIN BALOGUN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WUNDERKIND CORPORATION,<br><br>Defendant. | Case No. 25-cv-6113-KPF<br>(Related to Case No. 25-cv-05854-KPF)<br><br>**OPPOSITION TO PLAINTIFF ERIN WEILER'S MOTION TO APPOINT BURSOR & FISHER, P.A. AS INTERIM CLASS COUNSEL** |

**Janove PLLC**
Raphael Janove
Max Ian Fiest
500 7th Ave., 8th Fl.
New York, NY 10018
Raphael@Janove.Law
Max@Janove.Law

Liana Vitale
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Liana@Janove.Law

*Attorneys for Plaintiff Tosin Balogun*

Plaintiff Tosin Balogun respectfully submits this memorandum of law in opposition to Plaintiff Erin Weiler's Motion to designate Bursor & Fisher, P.A. as Interim Class Counsel. Plaintiff Balogun respects the accomplishments of Bursor & Fisher, P.A., and as stated in Plaintiff Balogun's opening brief, ECF No. 26, at 1, Janove PLLC is willing to serve as co-lead counsel if the Court finds that doing so is in the best interest of the class. Janove PLLC's unique experience, independent investigation of Wunderkind, and distinct perspective would be an asset to the class.

Plaintiff writes now only to (1) emphasize that her complaint is not "substantially similar" to, nor a copy of, the *Weiler* Complaint, (2) highlight that Janove PLLC, since filing the opening motion, has hired another accomplished lawyer, further underscoring the firm's "'ability to fairly and adequately represent the interests of the class.'" *In re GSE Bonds Antitrust Litig*., 377 F. Supp. 3d 437, 438 (S.D.N.Y. 2019) (quoting Fed. R. Civ. P. 23(g)(1)(B)).

*First*, Plaintiff Balogun filed an independent and materially distinct complaint. It is not derivative of the *Weiler* Complaint. Nor is it "substantially similar to those initial filings." *See Weiler* Memorandum, ECF No. 31. The *Weiler* Complaint centers on Wunderkind's alleged role as a data broker participating in real-time bidding and cookie-syncing within the ad-tech ecosystem, with particular emphasis on third-party ad exchanges, partner pixels, and bidding intermediaries. By contrast, the *Balogun* Complaint situates Wunderkind's conduct as a direct surveillance and identity-resolution system, focused on Wunderkind's own SmartTag, Conversion Pixel, and PrivacyID infrastructure, and on the creation and monetization of persistent identity profiles across sites, sessions, and devices. Attached hereto as Exhibit A, is a redline comparison between the two complaints, demonstrating how dissimilar they are.

Accordingly, there is no basis to elevate one firm to interim class counsel on the theory that it filed first or charted a general course. *See In re Mun. Derivatives Antitrust Litig*., 252 F.R.D.

184, 186 (S.D.N.Y. 2008). (first-filer advantage where later firms filed complaints "substantially similar to those initial filings"). Timing alone does not create a "significant first-filer advantage." *Breakwater Trading LLC v. JPMorgan Chase & Co.*, 2020 WL 5992344, at *3 (S.D.N.Y. Oct. 9, 2020). Nor does filing sequence control where competing counsel independently investigate and develop distinct theories of liability. *See In re GEICO Customer Data Breach Litig.*, 2022 WL 22910573, at *3, 4 (E.D.N.Y. Apr. 8, 2022).

*Second*, after Plaintiff Balogun filed her motion, Janove PLLC has expanded its litigation team in anticipation of the scope and demands of this action. The firm recently added Associate Attorney Max Ian Fiest, a Kent scholar graduate of Columbia Law School with substantial experience litigating large, complex civil actions. Mr. Fiest began his career at Mayer Brown LLP having served on the defense teams which litigated *Postpichal v. Cricket Wireless, LLC*, 3:19-cv-07270-WHA (N.D. Cal.), a complex consumer class action alleging RICO violations, *In re Zillow Group, Inc. Securities Litigation*, 2:17-cv-01387-JCC (W.D. Wash.), a novel securities fraud class action, and *Wells Fargo Securities, LLC v. LJM Investment Fund, L.P.*, 1:18-cv-02020-LTS-SLC (S.D.N.Y.), a complex commercial case arising out of hyper-technical commodities futures trades that spurred a flurry of related litigation.

Accordingly, Janove PLLC respectfully requests the opportunity to prosecute this action as lead or co-lead counsel.

Respectfully Submitted,

Dated December 23, 2025

**JANOVE PLLC**

By: *__/s/ Raphael Janove__*
Raphael Janove
Max Ian Fiest
500 7th Ave., 8th Fl.
New York, NY 10018
Raphael@Janove.law
Max@Janove.law

Liana Vitale
979 Osos St., Ste. A5
San Luis Obispo, CA 93401
Liana@Janove.law

*Attorneys for Plaintiff and All Other Similarly Situated*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(c) and Your Honor's Individual Rule 4(B), I hereby certify that this brief contains 543 words, including footnotes but excluding text specified in Rule 7.1(c) and 4(B), and is within the two-page limit agreed to with counsel for the *Weiler* Action.

Date: December 23, 2025

*/s/ Raphael Janove*
Raphael Janove